**Robert C. LINTZ, and Robert B. Miller & Associates, Inc.**

v.

**M/T APHRODITE B, et al.**

**Civ. A. Nos. 81–3701, 81–3690, 82–820 and 82–1677.**

United States District Court, E.D. Louisiana.

April 26, 1983.

James H. Roussel, Christopher O. Davis of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiffs.

David L. Carrigee of Burke & Mayer, New Orleans, La., for defendants.

## ORDER

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the motion of the plaintiffs for partial summary judgment as to the validity of an endorsement contained in an insurance policy issued by defendant Glacier General Assurance Company. Following oral argument and having considered the memoranda, the record, and the law applicable to this motion, the Court granted plaintiffs' motion for the following reasons.

It is undisputed that on September 5, 1981, a collision took place between the M/T APHRODITE B and the tow of the M/V KAREN WAYNE as the two vessels were attempting a port-to-port passing in the Mississippi River. The Barge RM–43B was one of the three barges in the tow of the M/V KAREN WAYNE; as a result of the collision, the barge and its cargo of grain sank. Plaintiffs owned and managed the Barge RM–43B, and filed this action against the vessels, their owners and underwriters. Glacier General Assurance Company issued an indemnity policy No. MAR–910191 insuring the M/V KAREN WAYNE and its owners, NOLA Marine Towing, Inc., which policy was in full force and effect on the date of the collision. Endorsement No. 3 of this policy provides as follows:

### LIMITATION OF LIABILITY

It is a condition of this insurance that in the event of any claim or suit against the insured out of a liability or an alleged liability covered by this policy, the insured shall petition a U.S. District Court of competent jurisdiction for Limitation of Liability Act.

If such petition is granted and the liability of the insured is limited to a sum less than the amount of insurance provided by this policy, then the amount of insurance hereunder shall become the said limitation sum plus covered costs and expenses of investigation or defending such claim or suit, but in no event to exceed the amount of insurance of this policy.

Plaintiffs contend that the endorsement is against public policy and should be read out of the policy of insurance as it seeks to disavow the underwriters' total liability under the policy by attempting to reduce the stated policy coverage limits of $500,000 through the use of Endorsement No. 3.

Glacier General Assurance Company argues that the policy, including all endorsements, conditions and exclusions, is a valid and legal contract which is not in violation of any statutory law or public policy. Defendant admits that the limit of the policy is $500,000; provided, however, that in the event any claim or suit is presented against the insured, the insured is obligated to file a limitation proceeding. If the petition for limitation of liability is granted, and the liability of the insured is limited to a sum less than the amount of the stated limits, then the policy limit would become the sum for which the insured is legally liable. Defendant reasons that there is nothing in the Limitation Act nor in the jurisprudence which prohibits an insurer from contracting with its insured on the terms and conditions of the insurance contract, including limits or liability and/or coverage, and that in the absence of a conflict with statutory laws or public policy, insurers have the right to impose whatever conditions they please upon their obligations under the policy.

Defendant's argument would have merit were the situation before the Court one in which there is an absence of controlling statutory law and/or public policy. However, in this case, it is clear that limitation of liability is a defense which cannot be availed of by an insurer under Louisiana law. The Limitation Act was designed to assist the maritime industry and was in no way intended to benefit the insurance industry. *Olympic Towing Corporation v. Nebel Towing Co.,* 419 F.2d 230 (5th Cir. 1969). "(I)t is patent that a statutory limitation of liability is only available to a shipowner; the status of insurer is not covered by the public policy underlying the Limitation Act." *Id.,* at 238. The provision in the policy, as a *condition* thereof, requires the assured to petition for limitation of liability. Regardless of the merits of such contention, it is assuredly against public policy to insist that the insured file a limitation proceeding, a proceeding which can only be brought in good faith, and pursuant to Rule 11, F.R.C.P., prior to any determination that such a proceeding has merit and/or is appropriate. Additionally, the full limits of insurance under the policy are available to the insured at the moment of the casualty, but are then sought to be reduced if limitation is granted. Such a requirement inures only to the benefit of the insurer, and would defeat the purpose of the Limitation Act by permitting the insurer to take advantage of a defense which is personal to its insured. The endorsement in question is merely an attempt to do indirectly what the insurer cannot do directly. The shipowner's insurer is liable for policy limits as stated, in this case $500,-000, even though if the limitation of liability is granted, no personal judgment can be taken against the assured shipowner beyond the limited value in the vessel. *Nations v. Morris,* 483 F.2d 577 (5th Cir.1973), citing *Olympic Towing Corporation, supra.* Accordingly, the motion of plaintiffs for partial summary judgment is hereby granted; this Court rules Endorsement No. 3 of Policy No. MAR–810191 as issued by Glacier General Assurance Company invalid.